## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TERRANCE TURNER,           )
                               )
          Plaintiff,    )
                               )     Civil Action No. 1:23-cv-02742 (UNA)
          v.            )
                               )
UNACAST CORPORATION, et al.,  )
                               )
          Defendants.   )

## MEMORANDUM OPINION

This matter is before the court on its initial review of Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  For the reasons explained below, the IFP application will be granted, and this matter will be dismissed without prejudice.

Plaintiff, a resident of Sterling, Virginia, sues Unacast Corporation (located in New York), the Federal Trade Commission (located in the District of Columbia), and several defendants with no address or other information provided, namely, the United States Special Operations Command, the Federal Bureau of Investigation, the Central Intelligence Agency, the Secret Service, the Internal Revenue Service, the Securities and Exchange Commission, the  Department of Homeland Security, Walmart, Target, Home Depot, and Lowes.  In declining to provide required  contact  information for those defendants, Plaintiff fails to comply with D.C. LCvR 5.1(c)(1).  Moreover, it is unclear what the defendants have to do with one another, if anything.

Also, Plaintiff's complaint is not captioned for this court, or for any court, in contravention of Federal Rule 10(a) and D.C. LCvR 5.1(g).  To that end, Plaintiff attaches an exhibit that is captioned for the United States District Court for the Northern District of California, and not this District.

The contents of the complaint fare no better.  The allegations are difficult to follow, but it appears that Plaintiff takes issue with defendant Unacast's alleged possession of cell phone records and other personal data belonging to millions of people, and its use of that information.   He demands $200 billion in damages.

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).  Plaintiff's complaint falls within this category, failing to provide defendants or this court with notice of his intended claims or a clear basis for this court's jurisdiction.  Indeed, there are *no claims* identified against any defendant other than, perhaps, Unacast.

Second, the court notes that Plaintiff cites predominantly to various criminal statutes, but those statutes do not create a private right of action. *See Rockefeller v. U.S. Court of Appeals for the Tenth Circuit*, 248 F. Supp. 2d 17, 20 (D.D.C. 2003) (collecting cases); *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[The] Supreme Court has refused to imply a private right of action in a bare criminal statute.") (citation and internal quotation marks omitted).

2

Nor may Plaintiff sue to compel the government to initiate a criminal investigation or to prosecute a criminal case.  *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).  "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012); *Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).  In other words, the decision of whether or not to prosecute, and for what offense, rests with the prosecution, *see, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978), and "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion[,]" *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).   Similarly, Plaintiff cannot compel a criminal investigation by any law enforcement agency by filing a civil complaint.  *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).  "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

Finally, although Plaintiff lists a few federal civil statutes in passing, and even if his claims could be fully understood, he has nonetheless failed to establish standing, and "the defect of standing is a defect in subject matter jurisdiction."  *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (noting that "the core

component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III").  Federal courts only have subject matter jurisdiction if there is a "Case" or "Controvers[y]" to be decided, U.S. Const. Art. III, § 2, and in the absence of any actual or threatened injury, no such case or controversy exists.  The alleged "injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149–50 (2010).

Here, Plaintiff seemingly alleges that Unacast has violated federal law by improperly transacting the personal information of millions of people, but he does not identify any injury specific to himself.  And, where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  Additionally, Plaintiff cannot bring this matter on behalf of others because a *pro se* litigant can represent only himself or herself in federal court.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (same); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (same), *affd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004).

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   October 27, 2023                                    _____
                                                                                    JIA M. COBB
                                                                         United States District Judge